```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

UNITED STATES OF AMERICA,

    Plaintiff,

        v.                          CIVIL NO.: WDQ-11-3390

ONE 2007 MERCEDES BENZ CLS 550
VIN WDDDJ72X37A102758,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

The Government seeks forfeiture of One 2007 Mercedes Benz CLS 550 (the "Property") as proceeds traceable to Andre Carter's sale or exchange of drugs in violation of 21 U.S.C. § 841. For the following reasons, the Government's motion to strike Qwyensha McLaurin's claim will be denied.

I. Background

On November 23, 2011, the Government filed a complaint for forfeiture of the Property under 21 U.S.C. § 881(a)(6). ECF No. 1. On November 29, 2011, the Government sent McLaurin, the registered owner of the Property, a copy of the complaint, which she received on November 30, 2011. ECF No. 5, Ex. A.

On January 5, 2012, McLaurin filed a "Notice of Contest of Forfeiture of Property" (the "Notice"). ECF No. 4. McLaurin asserted that "there were no reasonable grounds to seize [the]

[P]roperty," all money used to buy the Property "was legitimately earned,"[1] and she had an interest in the Property as the rightful owner. *Id.*

On February 16, 2012, the Government moved to strike McLaurin's claim[2] because she had not filed an answer to the Government's complaint. ECF No. 5. On February 21, 2012, McLaurin opposed the Government's motion because "[c]ounsel believed" that the Notice constituted both a verified claim and an answer. ECF No. 6. The same day, McLaurin filed an answer that admitted that the Court had jurisdiction, venue was proper, and the Property had been seized; denied that the Property had been involved in drug transactions; and reasserted that McLaurin had used money from a lead paint settlement to buy the car. ECF No. 7.

II. Analysis

A person with an interest in seized property may contest forfeiture by filing a claim pursuant to Rule G(5)(a) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. The claim must identify the property, the

---

[1] McLaurin asserted that she had bought the car with money from a lead paint settlement. ECF No. 4.

[2] The Government contends that McLaurin failed to comply with the requirements of Rule G(5) of the Supplemental Rules for Admiralty Claims and Asset Forfeiture Actions, but treats the Notice as a claim for purposes of the motion. ECF No. 5 at 2 n.1.

claimant and her interest in the property; be signed by the claimant under penalty of perjury; and be served on a Government attorney.  Fed. R. Civ. P. Supp. G(5)(a).

Within 21 days of filing a claim, the claimant must file an answer to the complaint or a motion under Fed. R. Civ. P. 12.  See Fed. R. Civ. P. Supp. G(5)(b).  The purpose of the answer is "to set forth in detail the claims and defenses which the claimant believes support the assertion of [her] claim to the property."  *United States v. $4,629 in U.S. Currency*, 359 F. Supp. 2d 504, 507 (W.D. Va. 2005).  Unless the claimant files an answer, the Government may have to "guess at which allegations in the complaint are undisputed or irrelevant . . . and which will have to be proven by a preponderance of the evidence."  *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 664 F. Supp. 2d 97, 102 (D.D.C. 2009).

Although strict compliance with the pleading rules is generally required, "the Court may in appropriate circumstances depart from [that] standard."[3]  Courts "may excuse some minor procedural failings so long as the underlying goals of the Supplemental Rules are not frustrated."[4]

---

[3] *See United States v. 328 Pounds More or Less of Wild American Ginseng*, 347 F. Supp. 2d 241, 248 (W.D.N.C. 2004) (internal citation and quotation marks omitted).

[4] *All Assets Held at Bank Julius Baer & Co., Ltd.*, 664 F. Supp. 2d at 102 (internal citation and quotation marks omitted).

In this case, McLaurin's delay in filing an answer was minimal. On January 5, 2012, she filed her claim.[5] ECF No. 4. Her answer was due on January 26, 2012, and she filed it on February 21, 2012 -- only 26 days later.[6]

The delay resulted not from bad faith but from counsel's inadvertence.[7] Although generally "clients must be held accountable for the acts and omissions of their attorneys,"[8] "justice . . . demands that a blameless party not be disadvantaged by the errors or neglect of h[er] attorney."[9] To determine whether counsel's mistake is excusable neglect, the Court considers:

> (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

---

[5] Because the Government did not challenge the deficiency of the Notice, see supra note 2, the Court will treat it as a claim under Rule G.

[6] ECF No. 7. See United States v. $12,914 in U.S. Currency, --- F. Supp. 2d---, Case No. ELH-11-1912, 2011 WL 6178892, at *2 (D. Md. Dec. 2, 2011) (filing answer 49 days after the deadline caused only a "minimal" delay).

[7] See ECF No. 6 (counsel mistakenly believed that the Notice was both a verified claim and an answer); $12,914 in U.S. Currency, 2011 WL 6178892, at *1-*2 (excusing delay when counsel did not act in bad faith but "inadvertently misplaced" the answer in his office).

[8] Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993).

[9] United States v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982).

*Colony Apartments v. Abacus Project Mgmt., Inc.*, 197 F. App'x 217, 223 (4th Cir. 2006). In forfeiture actions, "perhaps the most important [factor] is the degree of prejudice to the [G]overnment." *United States v. Borromeo*, 945 F.2d 750, 754 (4th Cir. 1991).

Here, the Government has alleged no prejudice. When the Government has "not offer[ed] even a hint of an insinuation" of prejudice, the Court should not deny a hearing on the merits of the claim.[10] "The government may still 'win' the money, but it must let [the claimant] into the courthouse." *Borromeo*, 945 F.2d at 754.

Although not captioned as an answer, the Notice informed the Government of the grounds supporting McLaurin's claim to the Property. *See $4,629 in U.S. Currency*, 359 F. Supp. 2d at 507. She asserted that she owned the vehicle and had bought it with money from a lead paint settlement, not the proceeds of criminal activity. *See* ECF Nos. 4, 7. Because the "underlying goals of the Supplemental Rules [were] not frustrated," the Court will excuse McLaurin's failure to strictly comply with the

---

[10] *See Borromeo*, 945 F.2d at 754. *See also $12,914 in U.S. Currency*, 2011 WL 6178892, at *2-*3 (denying motion to strike because, *inter alia*, "the Government ha[d] not alleged any prejudice" from the claimant's delay in filing an answer).

requirements of Rule G.[11]  The Government's motion to strike will be denied.

III. Conclusion

For the reasons stated above, the Court will deny the Government's motion to strike McLaurin's claim.

| | |
|---|---|
| __3/27/12__ | _/s/ William D. Quarles_ |
| Date | William D. Quarles, Jr.<br>United States District Judge |

---

[11] See 328 Pounds More or Less of Wild American Ginseng, 347 F. Supp. 2d at 248; All Assets Held at Bank Julius Baer & Co., Ltd., 664 F. Supp. 2d at 102.